## PASCHAL & OGDEN VS. SCOTT.

S. by writing under seal, assigned to P. & O., for the benefit of certain creditors, a judgment estimated at twenty-five hundred dollars, and covenanted by said writing with P. & O. to make up any deficiency between the amount realized upon the judgment and the sum of twenty-five hundred dollars: the judgment proved worthless, and an action was brought upon the covenant by P. & O. against S. for the full amount of the twenty-five hundred dollars: *Held*, That the legal title to damages upon breach of this covenant vested in P. & O. and the action was well brought.

*Appeal from Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WATKINS & GALLAGHER, for appellants.

The assent of the beneficiaries was not necessary to the validity of the assignment. *Burril on Assignments* 308-9; 4 *Mason* 206; 18 *Ark.* 123.

STILLWELL & WOODRUFF, for the appellee.

The assignee of a chose in action holds by an equitable and not a legal title. 1 *Par. on Con.* 198, 194; 11 *Ark.* 104.

If the assignee be a mere nominal holder without interest, then the suit should be brought in the name of the party in interest. 1 *Pars. on Con.* 194.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Scott executed the following writing:

" STATE OF ARKANSAS, COUNTY OF CRAWFORD.

I, James A. Scott, have this day assigned to Paschal & Ogden a judgment by me recovered in the Probate Court of Fannin

county, Texas, against the estate of James A. Caldwell and Silas C. Colville, deceased, as will more fully appear by the record of said Probate Court, for or near the sum of twenty-five hundred dollars, for the benefit of certain of my creditors, to-wit: Thomas and Philip Baltzell of Baltimore, for their note against me, dated May 11th, 1840, for the sum of fifteen hundred and two 62-100 dollars—Biscoe and McCutchen for the amount of their account rendered January 5th, 1841, against me, for five hundred and ten 65-100 dollars. To Fant & Sutton of Baltimore for three notes dated May 11th, 1840, for nine hundred and fifty nine 96-100 dollars, and another for a note dated February, 15th 1839, for five hundred and thirty-two dollars; and it is also understood, that in this transfer, that Libby, Leutze & Flack, another of my creditors, at their election, have the right to their proportion as one of my creditors of said judgment; and the said sum of twenty-five hundred dollars by said judgment assigned shall be divided *pro rata* with my creditors above mentioned, and should Libby, Leutze & Flack refuse to accept the terms of this assignment, then I have the right to withdraw the proportional amount for my own benefit and use.

"And I further hereby bind myself that should said claim above assigned not net or realize to the said assignees the above sum of twenty-five hundred dollars, then I hereby obligate myself to pay any and all deficits that shall or may occur to make the said judgment or claim net to my above mentioned creditors the full sum of twenty-five hundred dollars. In testimony whereof, I have hereunto set my hand and seal, this 12th day of June, A. D., 1846.

J. A. SCOTT,   [SEAL.]

Witness:

J. W. WASHBURNE,

ED. A. SCOTT."

The name of Briscoe in the copy has been corrected to Biscoe according to the amendment asked and allowed.

Upon this writing Paschal & Ogden brought an action of covenant, alleging as a breach, that the judgment assigned did

not yield anything, that nothing could be realized therefrom; therefore the whole sum of twenty-five hundred dollars was demanded of Scott. He demurred to the declaration, the demurrer was sustained and the plaintiffs appealed.

The action is not brought on the judgment that was assigned, but on the covenant to make the judgment realize twenty-five hundred dollars, and that covenant was made to the plaintiffs.

The legal title to the damages arising from its breach, is in Paschal & Ogden; how they will dispose of those damages is a matter between them and Scott's creditors, with which he has nothing to do. Hence the first and second causes of demurrer assigning that the transfer of the judgment passed only an equitable interest, and that the beneficiaries, creditors of Scott, had not accepted the deed, do not meet the cause of action.

The objection that the the interest of Libby, Leutze & Flack was a conditional one, and that it did not appear by the declaration, whether any, or what sum of the assigned judgment was accepted by them or reverted to Scott, is not good; as the declaration shows that the judgment was not productive of any amount for any of Scott's creditors. And upon the whole demurrer, we think it ought to have been overruled; and accordingly, we reverse the judgment of the Circuit Court of Pulaski county, and direct it to overrule the demurrer.